IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, in the interest of A.M., a person under eighteen years of age. _____ | ) ) ) ) | PER CURIAM DECISION Case No. 20120044-CA |
| D.H., Appellant, v. State of Utah, Appellee. | ) ) ) ) ) ) ) ) ) ) ) | F I L E D (March 22, 2012) 2012 UT App 79 |

-----

Third District Juvenile, West Jordan Department, 938747
The Honorable Julie V. Lund

Attorneys:    Judith L.C. Ledkins, Salt Lake City, for Appellant
              Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee
              Martha Pierce, Salt Lake City, Guardian ad Litem

-----

Before Judges McHugh, Davis, and Christiansen.

¶1      D.H. (Mother) appeals an order granting permanent custody and guardianship of A.M. to non-relatives.  The State did not seek to terminate Mother's parental rights.  Mother challenges the sufficiency of the evidence to support the grant of permanent custody and guardianship.

¶2      Mother was deemed to have admitted the allegations of the petition pursuant to rule 34(e) of the Utah Rules of Juvenile Procedure.  *See* Utah R. Juv. P. 34(e)

("Allegations not specifically denied by a respondent shall be deemed true."). Accordingly, Mother was adjudicated as having neglected A.M. The initial permanency goal for A.M. was reunification with Mother, and the Division of Child and Family Services (DCFS) was ordered to provide reunification services. At the conclusion of the reunification period, the juvenile court held an evidentiary permanency hearing to determine whether A.M. could be safely returned to Mother's custody. The juvenile court found that returning A.M. would create a substantial risk of detriment to her physical or emotional well-being. Accordingly, the juvenile court terminated reunification services and changed A.M.'s primary permanency goal to custody and guardianship with a non-relative. After a further review, the juvenile court granted permanent custody and guardianship to the foster parents and terminated juvenile court jurisdiction.

¶3      An order granting permanent custody and guardianship does not permanently sever the parent-child relationship and may be revisited in the future based upon changed circumstances. *See In re J.P.*, 921 P.2d 1012, 1019 (Utah Ct. App. 1996). Therefore, the State did not bear the burden to prove unfitness or any other ground that would be necessary to support a termination of parental rights. The juvenile court was only required to determine, by a preponderance of the evidence, whether A.M. could safely return to Mother's custody. *See* Utah Code Ann. § 78A-6-314(2)(b) (Supp. 2011). At the permanency hearing, Mother did not claim that she should then regain custody of A.M. but sought an extension of the time for reunification services, which the juvenile court denied. Because Mother had previously been adjudicated as neglecting A.M., she was not entitled to a parental presumption in a custody contest with a non-relative. *See In re M.W.*, 2000 UT 79, ¶ 30, 12 P.3d 80.

¶4      Mother claims that the juvenile court's ruling is not supported by sufficient evidence. Mother had a history with DCFS spanning over twenty years. As she herself acknowledged, Mother was not in a position to regain custody of A.M. at the time of the permanency hearing because she was residing in a homeless shelter and could not provide a suitable home for A.M. Although Mother had completed psychological and psychiatric assessments, she had not followed the recommendation to continue individual therapy. She had completed eight weeks of therapy and an eight-week parenting course, as required by a case from another court. She had not completed domestic violence treatment and claimed that because she was a victim, not a perpetrator, she should not be required to satisfy this requirement. Although Mother

had regularly visited A.M., she had not progressed beyond supervised visits. A.M. was doing well in her foster home, had completed therapy, and was getting good grades at school.

¶5    We will overturn the juvenile court's decision "only if it either failed to consider all of the facts or considered all of the facts and its decision was nonetheless against the clear weight of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435. "When a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *Id.* Because the decision was adequately supported, we do not disturb it. Accordingly, we affirm the decision of the juvenile court granting permanent custody and guardianship of A.M. to the foster parents.

_____
Carolyn B. McHugh,
Presiding Judge

_____
James Z. Davis, Judge

_____
Michele M. Christiansen, Judge